[L. A. No. 9549. Department Two.—October 16, 1928.]

ANITA PUGLIESE, Respondent, v. FRANK PUGLIESE, Appellant.

C. W. Pendleton for Appellant.

H. C. Eastham and Clyde W. Smith for Respondent.

RICHARDS, J.—The plaintiff herein instituted an action for divorce against the defendant, charging cruelty and praying for a decree of divorce, for the custody of the three minor children of the marriage, for the assignment to the plaintiff of her equitable share of the community property, and for the payment of reasonable alimony, counsel fee, and costs. The complaint is sufficient in form and substance to justify the relief prayed for therein. A demurrer to the complaint upon both general and special grounds was presented on behalf of the defendant, which in due course was overruled; whereupon an answer was filed denying, in the main, the allegations of plaintiff's complaint which charged the defendant with cruelty. Thereafter the plaintiff presented and filed a document which she designated "Amended Complaint" and which, after repeating the averments of her original complaint, proceeded to set forth certain additional acts of cruelty on the part of the defendant occurring after the commencement of the action and which would have been the proper subject of a supplemental complaint. To this so-called amended complaint the defendant presented a demurrer, which the trial court apparently treated as having application to that portion of the amended complaint which embraced the matters occurring since the institution of the action, and the court, apparently considering the added matter to have been defectively stated, sustained the demurrer to the amended complaint; whereupon the plaintiff presented and filed an-

other document which she denominated "Supplemental Complaint," but which was evidently intended to constitute a supplement to the original complaint, setting forth with more of detail the defendant's subsequent acts of cruelty. To this so-called supplemental complaint the defendant filed a general demurrer which the court overruled; whereupon an answer was filed to the so-called supplemental complaint. The cause then proceeded to trial, at the conclusion of which the trial court found its findings of fact and conclusions of law in the plaintiff's favor, and also filed and caused to be entered an interlocutory judgment decreeing the plaintiff entitled to the divorce, to the custody of the minor children, to a designated share of the community property of the parties, together with an award of alimony and counsel fee. The defendant in due time gave notice of intention to move for a new trial, which motion came on for hearing before the court and was denied; whereupon the defendant appealed from the interlocutory decree of divorce and presented and caused to be settled a bill of exceptions in support of said appeal, specifying therein a number of particulars wherein the evidence was alleged to be insufficient to justify the findings and judgment of the trial court. The appellant urges for the first time upon his appeal the contention that the judgment should be reversed for the reason that there was no sufficient pleading in the way of a complaint on file to justify the trial court in entering said or any judgment in this action. That the contention of the appellant in that regard is without any semblance of real merit is made plain by an examination of the record. The plaintiff had originally a good complaint on file. She undertook to so supplement its averments as to introduce matters occurring after the commencement of the action and in so doing she erroneously described her pleading as an "Amended Complaint." When the court sustained a demurrer to this so-called amended complaint, the plaintiff presented what she again erroneously designated a "Supplemental Complaint," when it was in reality nothing more than a supplement to the original complaint. The trial court so treated it and the cause went to trial without further objection on the part of the defendant to the form of the plaintiff's pleading; nor did the defendant urge any such objection upon his motion

for a new trial or in his bill of exceptions presented in the course of said motion and on this appeal. His present objection to the form of the plaintiff's pleading comes entirely too late.

The only other point made by the appellant is that there was no sufficient corroboration of the plaintiff's testimony with respect to the defendant's alleged cruelty. An examination of the record shows that this contention has no merit, since the plaintiff's testimony was amply corroborated by the testimony of her eldest daughter, while several other witnesses produced on behalf of the plaintiff gave testimony as to the constant suffering of the plaintiff and the fear of the defendant entertained both by herself and her minor children.

There appearing to be no error on the face of the record the judgment is affirmed.

Langdon, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.